19-2455
Wu v. Garland

BIA
Wright, IJ
A205 628 610

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-one.

PRESENT:
       GUIDO CALABRESI,
       RAYMOND J. LOHIER, JR.,
       JOSEPH F. BIANCO,
            *Circuit Judges.*

_____

XIFENG WU,
       *Petitioner*,

       v.                                    19-2455
                                             NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
       *Respondent.**

_____

FOR PETITIONER:          Gary J. Yerman, Esq., New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Stephen J.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

Flynn, Assistant Director; Lynda A. Do, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xifeng Wu, a native and citizen of the People's Republic of China, seeks review of a July 17, 2019 decision of the BIA affirming a February 20, 2018 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xifeng Wu*, No. A205 628 610 (B.I.A. July 17, 2019), *aff'g* No. A205 628 610 (Immig. Ct. N.Y.C. Feb. 20, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency did not err in finding that Wu failed to demonstrate that the harm he suffered for opposing China's family planning policy rose to the level of persecution. "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted). Past persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks omitted). "'[T]he difference between harassment and persecution is necessarily one of degree,' . . . the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341). "The [agency] must, therefore, be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground."

3

*Id.*

In determining whether Wu established past persecution, the agency acknowledged *Beskovic*. The agency did not err in concluding that, even though Wu's beating occurred in detention and was reprehensible, it did not rise to the level of persecution under *Beskovic* because he was not severely beaten or injured and he was held for only one night. *See Mei Fun Wong*, 633 F.3d at 72; *cf. Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in the agency's determination that applicant failed to establish past persecution when before an "arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect"). Because Wu did not demonstrate past persecution, he was not entitled to a presumption of a well-founded fear of persecution on account of his resistance to the family planning policy. *See* 8 C.F.R. § 1208.13(b)(1).

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), "which requires that the alien present credible testimony that he

subjectively fears persecution and establish that his fear is objectively reasonable," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "[I]n order to establish eligibility for relief based exclusively on activities undertaken after his arrival in the United States, an alien must make some showing that authorities in his country of nationality are (1) aware of his activities or (2) likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008).

The agency reasonably declined to credit unsworn letters from Wu's wife asserting that Chinese officials know about Wu's pro-democracy activities in the United States. The agency pointed out that the letters were written by an interested witness who was not subject to cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). And the agency was not compelled to conclude that Wu's testimony in this regard was persuasive. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Hongsheng Leng*, 528 F.3d at 143. Further, we have found "most unlikely" the "suggestion that the Chinese government is aware of every anti-Communist or pro-democracy piece of commentary published online," and have deemed speculative the assertion that the Chinese government

5

will likely discover political activities in the United States and articles published online years before a noncitizen is removed. *Y.C.*, 741 F.3d at 334 (citing *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.")). Accordingly, the agency reasonably concluded that Wu failed to establish that Chinese officials are aware of or likely to become aware of his pro-democracy activities. *See id.; Hongsheng Leng*, 528 F.3d at 138. Alternatively, the agency reasonably found that Wu failed to establish that similarly situated individuals face persecution because "[t]he record is silent as to whether the Chinese government views domestic pro-democracy advocates differently from Chinese nationals who espouse pro-democracy ideals abroad." *Y.C.*, 741 F.3d at 335.

Because Wu failed (1) to persuasively demonstrate that authorities are aware or likely to become aware of his political activities in the United States, or (2) to show an objectively reasonable fear of persecution on account of those activities, the agency reasonably concluded that he failed to establish a well-founded fear of persecution. *See Y.C.*, 741 F.3d at 334–35; *Hongsheng Leng*, 528 F.3d at 142.

That finding was dispositive of asylum, withholding of removal, and CAT relief, *see Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (failure to show fear of persecution required for asylum "necessarily" precludes meeting higher burden for withholding of removal and CAT relief), and thus we do not reach the Government's argument that Wu failed to exhaust his CAT claim, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7